GEO. C. HULL, for the use of, etc., Appellee, v. M. R. LOUGHLIN, Intervenor, Appellant.

**Appeal**: CERTIFIED QUESTION OF LAW : REVIEW.

*Appeal from Boone District Court.*—HON. D. R. HINDMAN, Judge.

TUESDAY, FEBRUARY 3, 1891.

THE amount in controversy is less than one hundred dollars, and the question for us must arise on a certificate of the district judge presenting a law question. The question certified is as follows: "Whether, under the issues made in the petition, answer, motion and amendment thereto of said Hull, and the pleading of said Loughlin (said pleadings being attached to the certificate, and being the same as hereinbefore set out). where said motion of said Hull is made and filed after verdict, judgment and payment thereof by defendant, said

Hull is entitled to one-half of the amount recovered upon the bond of a permit-holder, given under provisions of Acts, Twenty-second General Assembly, chapter 71 thereof, or whether the entire amount so recovered on such bond belongs to and should be paid to the school fund of the county wherein the action is brought." The district court gave judgment for plaintiff, and the intervenor appeals. *Dismissed.*

*Clayton Harrington, S. R. Dyer* and *J. R. Whittaker,* for appellant.

*Crooks & Jordan,* for appellee.

GRANGER, J.—We are without jurisdiction in this case. Under the statute as construed, the district court must certify to us a "question of law." A question of law for the purpose of the statute can only arise on a known state of facts. Under the certificate before us, we are to go to the petition, answer, motion, amendment and another pleading, and formulate a state of facts as a basis for legal inquiry. We have not the right. nor are we disposed to do this. The certificate should present to us the question, and not direct us to the place where the material for one can be found. If we were to entertain this case, the way would be open, in such cases, for the determination of questions at our instance, rather than that of the district court, as the law contemplates. This holding has been so frequent that we need not refer to cases.

The appeal is DISMISSED.